Roy DANIEL, Petitioner,

v.

DISTRICT OF COLUMBIA DEPART-MENT OF EMPLOYMENT SER-VICES, Respondent,

and

Landow & Company and Liberty Mutual Insurance Company, Intervenors.

No. 95–AA–6.

District of Columbia Court of Appeals.

Argued Feb. 8, 1996.

Decided March 28, 1996.

---

Julie Watson, with whom James Taglieri, Washington, D.C., was on the brief, for petitioner.

Charles F.C. Ruff, Corporation Counsel, and Charles L. Reischel, Deputy Corporation Counsel, filed a statement in lieu of a brief, for respondent.

Donald Maiberger, with whom Donald J. Urgo, Rockville, MD, was on the brief, for intervenors.

Before FERREN, STEADMAN, and KING, Associate Judges.

KING, Associate Judge.

Roy Daniel ("employee") sustained an on-the-job injury to his right ankle in April 1991, while employed by intervenor, Landow & Company ("employer"), whose insurer is intervenor, Liberty Mutual Insurance Company. Daniel sought permanent partial disability compensation for that 1991 injury pursuant to the District's Workers' Compensation Act of 1979 [1] ("1979 Act"). The District of Columbia Department of Employment Services ("DOES" or "agency") found that Daniel suffered a fifty percent disability with fifteen percent attributable to the 1991 injury and thirty-five percent attributable to a 1963 on-the-job injury. DOES also found that Daniel had not received any award for permanent disability under a predecessor

---

1. D.C.Code §§ 36–301 to –345 (1993 Repl.).

statute [2] for the 1963 injury. DOES concluded, however, that Daniel should be compensated only for the fifteen percent permanent partial disability attributable to the 1991 injury because it did not have "jurisdiction to decide issues involving [Daniel's] 1963 injury." Daniel contends [3] that the agency erred in so ruling. We agree; therefore, we reverse and remand.

## I. *Factual Background*

In 1963, while employed by this same employer, Daniel suffered fractures to the lower extremities of his right leg when an I-beam fell and crushed the leg. Thereafter, he underwent treatment for approximately three to four years. Although none of the parties could produce any records relating to Daniel's claim for that injury, he testified that, although he received some temporary benefits, he did not receive any award for permanent injury. The hearing examiner credited that testimony, finding that Daniel filed a claim but was never awarded benefits for permanent disability. That finding was not disturbed, on appeal, by the Director of DOES. Although the intervenors, in their brief in this court, argue that it is unclear what benefits Daniel received for the 1963 injury, they do not challenge the finding that he did not receive any award for permanent disability.

In 1991 Daniel again injured the lower right leg while he was working. The hearing examiner found that Daniel, as a result, is fifty percent permanently disabled, with fifteen percent attributable to the 1991 injury and thirty-five percent attributable to the 1963 injury. The Director of DOES affirmed, and the intervenors do not challenge any of these findings. As we said above, however, the agency concluded that Daniel should only receive compensation for the fifteen percent disability attributable to the 1991 injury, because it lacked jurisdiction to determine issues relating to claims that arose before the Workers' Compensation Act became effective. The petition for review in this court followed.

## II. *Legal Discussion*

### A. Scope of Review

▆▆▆ The agency ruled that it lacked "jurisdiction" to consider issues relating to the 1963 injury claim. We view that determination as a legal one, in that the agency has defined the scope of its powers. Our review of an agency's legal ruling is *de novo,* because the judiciary is the final authority on issues of statutory construction. *See Chevron, supra* note 1, 467 U.S. at 843 n. 9, 104 S.Ct. at 2781 n. 9. Nevertheless, where statutory language is not clear on its face, the courts will ordinarily give considerable weight to any reasonable interpretation by the agency of the statutes it administers. *Id.* at 844, 104 S.Ct. at 2782; *Harris v. D.O.E.S.,* 660 A.2d 404, 407 (D.C.1995).

### B. Applicable Statutes

At the time of Daniel's 1963 injury, compensation was governed by the Longshoreman's Act,[4] which was administered by the Secretary of Labor. Subsequently, the 1979 Act was enacted with an effective date of July 24, 1982. *See* D.C.Code § 36–345. One provision in the 1979 Act, which Daniel heavily relies upon in this court, provides that:

---

**2.** Longshore and Harbor Workers' Compensation Act ("Longshoreman's Act"), 33 U.S.C. §§ 901 to 950 (1994); *see Harris v. D.O.E.S.,* 660 A.2d 404, 407 n. 4 (D.C.1995).

**3.** Daniel also contends that the benefit ceiling imposed by D.C.Code § 36–305(a) does not apply to permanent disability awards for so-called "schedule" injuries under D.C.Code § 36–308(3) such as his. The agency, however, ruled that the ceiling imposed by Section 305(a) applies to all disabilities, including this one. In our view, that interpretation is perfectly reasonable and we will not disturb it. *See Chevron U.S.A., Inc. v. Natural Resources Defense Council, Inc.,* 467 U.S. 837, 844, 104 S.Ct. 2778, 2782, 81 L.Ed.2d 694

(1984); *Harris, supra,* 660 A.2d at 407 (where there is ambiguity, court accords considerable weight to construction of a statute by the agency responsible for administering it); *Winchester Van Buren Tenants Ass'n v. District of Columbia Rental Housing Comm'n,* 550 A.2d 51, 55 (D.C.1988) (weight given to any "reasonable" interpretation). Daniel also contends the agency erred in not including bonus payments in calculating his salary. Because Daniel's salary, without bonuses, exceeds the ceiling imposed by Section 305(a), the ceiling applies here, and we, therefore, need not decide that issue.

**4.** See note 2, *supra.*

If an employee received an injury, which combined with a previous *occupational* or non-occupational disability or physical impairment causes substantially greater disability or death, the liability of the employer should be as if the subsequent injury *alone* caused the subsequent amount of disability. . . .

D.C.Code § 36–308(6)(A) (emphasis added).

### C. Analysis

Our review of the contentions of the parties persuades us that a reversal and remand for reconsideration by the agency is necessary to allow DOES to address three separate concerns which we discuss below.

First, as we have said, we ordinarily give considerable weight to any reasonable interpretation by the agency of a statute it administers if there is an ambiguity in the law being interpreted. *See Harris, supra,* 660 A.2d at 407. On its face, however, Section 36–308(6)(A) does not appear to be ambiguous to us. It provides that, where there is a prior injury, liability should be imposed as if the subsequent injury *alone* caused the disability. DOES, however, appears to have violated this provision because it did not take into account the disability from the earlier injury. On this record, however, we are unable to determine the agency's view on that point and we cannot give the customary weight to the agency's interpretation of its governing statutes, because neither the hearing examiner nor the Director cited this provision, or explained any basis for not applying it under the circumstances presented here.

Second, although the agency claims it has no "jurisdiction" to decide issues relating to a claim filed years ago under a different statute, the hearing examiner had no difficulty ascertaining the extent of the disability attributable to the earlier injury. Further, it would appear that Section 36–308(6)(A) confers "jurisdiction" to make an award for a subsequent injury by combining the disability attributable to the earlier injury with that of the later one. That determination should be re-evaluated in light of a case, addressing similar issues, decided by us since the agency acted in this case. *See Harris, supra,* 660

A.2d at 410 (holding that a 1983 injury was an aggravation of pre-existing on-the-job injury that occurred before the effective date of the 1979 Act).

Third, the employer contends, nonetheless, that because Daniel filed a claim for the 1963 injury, he is barred from receiving any benefits for that injury in this compensation award even though he did not receive any award for the earlier injury. In short, the employer contends the determinative factor in deciding whether any disability for the earlier injury should be included in the current award, is whether a claim was filed, not whether an award was received. That argument is not now ripe for judicial rule on this record. It was apparently not presented to the agency, or if it was presented, it was certainly not decided by the agency. Moreover, the argument appears to be contrary to the traditional rule that holds that the disability attributed to an earlier injury must be included in the later award unless compensation was actually received for the earlier injury, even in those circumstances where the employee could have received compensation but did not. *See Strachan Shipping Co. v. Nash,* 782 F.2d 513, 517–18 (5th Cir.1986). In at least one other case, the agency has indicated that the federal rule on this point was applicable in its proceedings under some circumstances. *See Bikshapathi v. Riggs Nat'l Bank,* H & AS No. 86–545, OWC No. 0058868 (Jan. 29, 1987) at 5 n. 2. Whether it should apply here remains for DOES to determine, at least in the first instance.

### III. *Conclusion*

In summary, the order of DOES is reversed and the case remanded for reconsideration in light of Section 36–308(6)(A), our holding in *Harris, supra,* and the principles set forth in *Strachan Shipping, supra.*

*So Ordered.*