**Junious WOOTEN, Petitioner,**

v.

**District of Columbia DEPARTMENT OF EMPLOYMENT SERVICES, Respondent,**

and

**Washington Metropolitan Area Transit Authority, Intervenor.**

**No. 97–AA–1716.**

District of Columbia Court of Appeals.

Submitted Oct. 1, 2001.
Decided Nov. 8, 2001.

---

**658**

Frank R. Kearney was on the brief, Washington, for petitioner.

Robert R. Rigsby, Corporation Counsel, and Charles L. Reischel, Deputy Corporation Counsel, were on the statement in lieu of brief, for respondent.

Alan D. Sundburg was on the brief, Washington, for intervenor.

Before TERRY, Associate Judge, and NEWMAN and KERN, Senior Judges.

PER CURIAM.

This is a petition for review of a decision of the Director of the Department of Employment Services (DOES) affirming its Hearing and Appeals Examiner's decision "which awarded claimant a ten percent (10%) permanent partial schedule loss to his right lower extremity." The Director noted in such decision "that the issue presented was strictly a legal one" but did not set forth in the tersely-worded decision what the legal issue was.

The DOES Hearing and Appeals Examiner's Compensation Order reflects that the "issue" in the instant case is the "[d]etermination of the nature and extent of the claimant's current disability." In the Compensation Order, the Examiner states that "[t]he claimant seeks an award under the Act [D.C.Code § 36–301 et seq. (1981) ] for permanent partial disability benefits based upon a 50% permanent partial disability to the right lower extremity (leg)." The Examiner explains that "[t]he claimant is a bus operator for the employer. On August 30, 1989, his right knee buckled while he was stepping down out of a bus causing him to fall." In addition, petitioner described in his testimony to the Hearing Examiner a 1973 football injury to the same knee, requiring surgery, which he suffered while serving in the Navy.

The Examiner states in the Compensation Order that

[i]n deciding the nature and extent of the claimant's disability, I relied upon the opinion of Dr. Jeffrey Goltz. As the treating physician, Dr. Goltz was very familiar with the physical condition of the claimant's knee and leg. Dr. Goltz rendered medical treatment, which included physical therapy and surgery, to the claimant for his knee from September 6, 1989 to approximately June 1990. He opined on June 22, 1990 that the

claimant had reached maximum medical improvement and that the claimant had a 10% permanent partial impairment to the right lower extremity....

I am mindful that on February 12, 1991, Dr. Goltz opined that if the claimant's 1973 right knee injury was considered, then the claimant had a 35% permanent partial impairment of the right lower extremity. I declined to issue an award based upon the 35% rating because the 1973 injury was not work related. Further, there was no evidence that the 1989 work injury caused an aggravation or exacorbation (sic) of the 1973 right knee injury. [Emphasis added.]

■ This court, in reviewing an agency order, applies the "substantial evidence" standard. *Harris v. District of Columbia Office of Worker's Compensation,* 660 A.2d 404, 407 (D.C.1995). This court inquires: "(1) whether the agency has made a finding of fact on each material contested issue of fact; (2) whether substantial evidence of record supports each finding; and (3) whether conclusions legally sufficient to support the decision flow rationally from the findings." *Id.* (citation omitted).

Petitioner challenges the validity of the Director's affirmance of the Compensation Order upon the basis of D.C.Code § 36–308(6)(A) and this court's decision in *Daniel v. District of Columbia Dep't of Employment Servs.,* 673 A.2d 205 (D.C.1996). The portion of the Act to which petitioner points provides in pertinent part that "[i]f

an employee receives an injury, which combined with a *previous occupational or nonoccupational disability or physical impairment* causes substantially greater disability ... the liability of the employer shall be as if the subsequent injury *alone* caused the subsequent amount of disability...." (Emphasis added.) Our decision in *Daniel, supra* at 208, noted that neither the Director nor the hearing examiner of DOES "cited this provision [Section 36–308(6)(A)], or explained any basis for not applying it under the circumstances presented here."

■ In this case, as in *Daniel,* neither the Director nor the Hearing Examiner explained a basis for not applying the explicit language of the applicable statute [Section 36–308(6)(A)].[1] Therefore, this court cannot determine from the record whether conclusions legally sufficient to support the decision flow rationally from the findings of fact, as required by *Harris.* Accordingly, we are constrained to reverse the order of DOES and remand the case for reconsideration of petitioner's claim in light of the applicable statute and the particular facts and circumstances here.

*So ordered.*

---

1. We note that the Hearing Examiner in the Compensation Order expressly relied upon the conclusions of the physician treating Petitioner, Dr. Goltz, but nevertheless rejected this physician's conclusion that Petitioner "had a 35% permanent partial impairment" of his right leg. The Hearing Examiner did so, according to the Compensation Order, because (1) "the 1973 injury was not work related" and (2) "there was no evidence that the 1989 work injury caused an aggravation or exacorbation (sic) of the 1973 right knee injury." However, as we have noted, the Hearing Examiner did not address the clear mandate of the applicable statute set forth above that a "previous ... non-occupational ... physical impairment" might properly be taken into account in determining the extent of permanent partial disability.